UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

QUINCIE BARDEL,

                Defendant.

15-CR-654 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    On August 20, 2017, this Court sentenced defendant Quincie Bardel to 90 months of incarceration after he pleaded guilty to conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846 and 841(b)(1)(C). (J., ECF No. 163.) He is currently serving his sentence at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), and moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 178.)

    18 U.S.C. § 3582(c)(1)(A), the compassionate release statute, allows a court to grant a sentence reduction upon a defendant's motion if "extraordinary and compelling reasons" exist to do so. 18 U.S.C. § 3582(c)(1)(A).[1] The Court thus turns to whether "extraordinary and compelling reasons" warrant granting Bardel's motion for compassionate release.

    Bardel cites his "current severe medical issues," the COVID-19 pandemic, and his rehabilitation efforts as "extraordinary and compelling reasons" warranting his release. (Def.'s Mot. at 1-2, 7, ECF No. 178.) Courts have indeed recognized that the risks of COVID-19 infection for defendants with pre-existing health conditions can provide "extraordinary and compelling reasons" for a sentence reduction. *See, e.g.*, *United States v. Graham*, No. 16-CR-786-02, 2020 WL 5604050, at *3 (S.D.N.Y. Sept. 17, 2020); *United States v. Zukerman*, 451 F. Supp. 3d 329, 334-35 (S.D.N.Y. 2020). Bardel, however, provides no evidence of his allegedly severe medical issues other than a one-sentence affirmation that he has them. (Def.'s Mot. at 2, ECF No. 178.) In fact, during his presentence investigation interview, "Bardel advised that he is in excellent physical health." (PSR ¶ 68, ECF No. 137.)

    Nor does the impact of the COVID-19 pandemic on prisoners itself constitute an "extraordinary and compelling reason" for reducing Bardel's sentence. Courts in this district have rejected arguments based only on a defendant's "status as an inmate during the COVID-19 pandemic and generalizations concerning the spread of COVID-19 in federal detention centers

---

[1] 18 U.S.C. § 3582(c)(1)(A) provides that a court may grant a defendant's motion for compassionate release if the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Bardel contends he requested compassionate release from the warden of his facility and that the warden has failed to respond to his request. (Def.'s Mot. at 2, ECF No. 178.)

across the country." *United States v. Kaba*, No. 19-CR-242, 2020 WL 2520807, at *3 (S.D.N.Y. May 18, 2020).

Finally, while "rehabilitation is relevant to whether there are extraordinary and compelling reasons for a sentence reduction," *United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020), Bardel does not provide any examples or evidence of his rehabilitative efforts. (Def.'s Mot. at 7, ECF No. 178.)

Because Bardel fails to allege "extraordinary and compelling reasons" warranting a sentence reduction, IT IS HEREBY ORDERED that Bardel's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied. The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Quincie Bardel [072694-054], FCI Fairton, Federal Correctional Institution, P.O. Box 420, Fairton, NJ 08320.

Dated:  New York, New York
        February 1, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.